IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TIMOTHY KATZ                    :          CIVIL ACTION
                                :
      v.                        :
                                :
WARDEN GLUNT, et al.            :          No. 11- 4000

**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J.                          October 31, 2011

Presently before this court is a pro se petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 by Timothy Katz and the response thereto.  Katz, who is

currently incarcerated in the State Correctional Institution in Houtzdale, Pennsylvania,

challenges his incarceration for third degree murder.  For the reasons that follow, the

petition will be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On December 1, 2005, Katz entered a guilty plea to possessing an instrument of

crime and to murder generally.  On December 7, 2005, the Honorable C. Theodore

Fritsch, Court of Common Pleas of Bucks County, entered a verdict of third degree

murder.[1]  On February 7, 2006, Katz was sentenced to an aggregate term of twenty-two to

---

[1]The state court summarized the facts leading to Katz's conviction as follows:

On May 6, 2005, Katz telephoned the victim and requested that the victim meet him at
the Neshaminy Mall.  Katz had neither a car nor a license and was calling the victim to
secure a ride home.  The victim met Katz at the Mall at approximately 11:30pm.  After
midnight, the victim drove Katz to his home in Falls Township.

After arriving at the Katz residence, Katz and the victim sat on the back patio and talked
about various subjects including how to anticipate the unexpected and react to potentially

forty years of imprisonment.

Katz filed a direct appeal arguing that:

1.     Petitioner was in custody when he made his first statement to police without
       being advised of his rights under Miranda and that his statement tainted the
       subsequent interrogation;

2.     Trial counsel was ineffective for failing to permit Petitioner to testify at his
       suppression hearing to establish that he was in custody and that his
       subsequent guilty plea was involuntary as the product of an illegal

---

dangerous situations.  Katz got up to urinate and the victim allegedly looked at Katz
despite his request that the victim look away.  The victim also sarcastically responded to
Katz's request by stating, "[y]eah, like I really want to look at your package."  Angered,
Katz picked up a twenty-one pound rock and approached the seated victim from behind.
Katz then struck the victim forcefully on the head, causing him to fall forward out of his
chair.  Immediately after the strike, the victim began convulsing.

Instead of calling an ambulance or a doctor, Katz dragged the victim into the victim's
mini-van and placed him on a seat in the back.  Because Katz was unfamiliar with
operating a motor vehicle, he then practiced driving for a few minutes in his
neighborhood before heading in the direction of Frankford-Bucks hospital.  Katz
proceeded over three miles past the hospital and crashed the van into a ditch in Lower
Makefield Township at approximately 3:00am.  The victim was generally incoherent, so
the police requested an ambulance and sent the victim to the Saint Mary Medical Center.

Katz called 911 on his own cellular phone after distancing himself from the scene of the
accident.  Katz provided a false name to the 911 operator, but police traced the call back
to his cellular phone.  Katz called for a taxi and was transported back home.

Doctors at Saint Mary Medical Center gave the victim a CAT scan upon his arrival due to
his unusual behavior.  The scan revealed severe injuries inconsistent with a minor
automobile accident.  Hospital staff alerted the police to advise them that the victim had
suffered massive and irreversible brain damage.  After unsuccessful emergency surgery,
the victim remained comatose and artificial respiration was removed on June 10, 2005,
resulting in the victim's death.  The victim's death was caused by severe blunt trauma to
the head, consistent with at least one or two swift blows to the head administered with a
rock.

Commonwealth v. Katz, No. 1973 EDA 2006, slip op. at 1-3 (Pa. Super. Aug. 23, 2007)
(unpublished memorandum)(citations omitted).

2

confession;

3.    Petitioner's guilty plea was involuntary based on trial counsel's erroneous advice and threats; and

4.    Trial counsel was ineffective for failing to call Petitioner and Dr. Tepper at the degree of guilt hearing to establish that Petitioner acted under a sudden and intense passion resulting from an adequate provocation which would have reduced the crime to voluntary manslaughter.

On August 23, 2007, the Superior Court affirmed the judgment of sentence.

Commonwealth v. Katz, No. 1973 EDA 2006, slip op. (Pa. Super. Aug. 23, 2007)

(unpublished memorandum).  On May 30, 2008, the Pennsylvania Supreme Court denied

Petitioner's request for allowance of appeal. Commonwealth v. Katz, No. 783 MAL 2007

(Pa. 2008) (table).

On May 21, 2009, Katz filed a pro se petition under Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. arguing that:

1.  Petitioner was in custody when he gave his first statement to police officers at Lower Makefield township police department;

2.  Trial counsel was ineffective for not permitting Petitioner to testify at his suppression hearing;

3.  Trial counsel was ineffective for failing to argue that Petitioner requested an attorney during his interviews with both Lower Makefield township and Falls township police;

4.  Trial counsel was ineffective for failing to call Petitioner at his degree of guilt hearing to establish that he acted under an intense passion from adequate provocation;

5.  Trial counsel was ineffective for failing to call Dr. Tepper at degree of guilt hearing to establish that Petitioner acted under an intense passion from adequate

provocation;

6.  Trial counsel was ineffective for advising Petitioner to plead guilty before obtaining Dr. Tepper's opinion with respect to manslaughter;

7.  Trial counsel unlawfully induced guilty plea by failing to provide Petitioner with competent advice;

8.  Trial counsel was ineffective for failing to call Petitioner's father to testify at suppression hearing to contradict police statements; and

9.  Pennsylvania Superior Court misled the Pennsylvania Supreme Court by providing erroneous information in its opinion.

Counsel appointed to represent Katz in his PCRA matter subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court.  Counsel was not permitted to withdraw from representation and an evidentiary hearing was held on November 23, 2009.  The PCRA court denied Katz's petition on December 8, 2009.  On December 31, 2009, Katz filed an appeal of the denial of his PCRA petition.[2]  Katz's appeal was dismissed on June 22, 2010 for failure to file a brief.  Commonwealth v. Katz, No.  161 EDA 2010 (Pa. Super. June 22, 2010) (unpublished memorandum).

---

[2]Generally, a pro se appellant's PCRA petition is deemed filed at the moment he delivers it to prison authorities for mailing.  Commonwealth v. Leggett, 16 A.3d 1144, 1147 (Pa. Super. 2011).  Because Katz's appeal was signed on December 31, 2010, I will use this date as the official filing date.

On June 17, 2011,[3] Katz filed the instant petition for a federal writ of habeas

corpus claiming:

> 1) Ineffective assistance of trial counsel for advising Petitioner to plead
> guilty before obtaining Dr. Tepper's opinion with respect to manslaughter
> and for failing to call Petitioner's father or Dr. Tepper at degree of guilt
> hearing to establish that Petitioner acted under an intense passion from
> adequate provocation.
>
> 2) Fourteenth and Fifth amendment violations as Petitioner was in custody
> when he gave his first statement to police officers at Lower Makefield
> township police department.
>
> 3) Fourteenth amendment violation as Petitioner requested an attorney
> during his interviews with both Lower Makefield township and Falls
> township police
>
> 4) PCRA Court erred by denying Petitioner's claim that Pennsylvania
> Superior Court misled the Pennsylvania Supreme Court by providing
> erroneous information in its opinion.

Respondents' answer asserts that Katz is not entitled to federal habeas relief

because his petition is untimely.

**DISCUSSION:**

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

effective April 24, 1996, imposes a one (1) year limitation period to applications for writ

of habeas corpus filed by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section

---

[3]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers
it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d
Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Because Katz failed to date his habeas
petition, I will use the date the habeas petition was filed by the Clerk of Court as the official
filing date.

2244, as amended, provides that the one (1) year limitation period shall run from the latest

of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  Swartz v. Meyers, 204 F.3d 417, 419 (3d

Cir. 2000).  The Pennsylvania Supreme Court denied Katz's request for allocatur on May

30, 2008.  Therefore, Katz's's conviction became final on August 30, 2008, ninety (90)

days after his judgement of sentence was affirmed by the Pennsylvania Supreme Court on

direct appeal.  See S.Ct.R. 13(1); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)

(stating direct review becomes final at the conclusion of petitioner's time for seeking

certiorari in the United States Supreme Court).

On May 21, 2009 – 264 days into his one (1) year federal statute of limitations –

Petitioner filed his PCRA petition.  Because this petition was filed in accordance with

Pennsylvania's procedural requirements, it is considered a "properly filed application" for

post-conviction relief, thereby tolling the one (1) year limitation period.  See 28 U.S.C. §

2254(d)(2) (the time during which a "properly filed application" for state post-conviction

review is pending shall not be counted toward the one (1) year period of limitation); Artuz

v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and

acceptance are in compliance with the applicable laws and rules governing filings" such

as "the form of the document, the time limits upon its delivery, the court and office in

which it must be lodged, and the requisite filing fee").  Such a petition is considered

"pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing

his state post-conviction remedies, including the time for seeking discretionary review of

any court decisions whether or not such review was actually sought.  See Swartz, 204

F.3d at 424.  Petitioner's petition was thus pending until July 22, 2010, thirty (30) days

after the Superior Court dismissed Petitioner's PCRA petition.  See Pa.R.A.P. 1113(a) (a

petition for allowance of appeal in the Pennsylvania Supreme Court is to be filed within

thirty (30) days of the entry of the order of the Superior Court).  At this time, the one (1)

year grace period began to run and Petitioner had 101 days, or until October 31, 2010, to

file a timely § 2254 petition.

Katz filed his petition on June 17, 2011, 229 days after the limitation period

expired on October 31, 2010.  He does not assert that there has been an impediment to

filing his habeas petition which was caused by state action, that his petition involves a

right which was newly recognized by the United States Supreme Court, or that there are

new facts which could not have been previously discovered.  See 28 U.S.C. §

2244(d)(1)(B)-(D).  Consequently, Katz would be barred from presenting his claims

under § 2254, unless the instant petition is subject to equitable tolling.

Equitable tolling is available in the context of a federal habeas petition in

appropriate cases.  See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  A petitioner

bears the burden of establishing his entitlement to equitable tolling through two (2)

elements: "'(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way' and prevented timely filing."  Id. at 2562,

quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Court has also held that

"[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling."

Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Fahy v. Horn, 240 F.3d 239, 244

(3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate

research, or other mistakes have not been found to rise to the 'extraordinary'

circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." <u>See</u> <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). Katz has not presented any evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so. Because Katz has not established "extraordinary" circumstances which would justify application of equitable principles, I find that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, Katz's petition is dismissed as untimely.

An appropriate order follows.